

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVE GREEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-185 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DISMISS
# PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging an April 30, 2008 disciplinary proceeding which resulted in the loss of 180 days of previously earned good time credits. The disciplinary proceeding took place at the Clements Unit in Amarillo, Texas. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DISMISSED.

## I.
## PROCEDURAL HISTORY

According to petitioner, respondent NATHANIEL QUARTERMAN has custody of petitioner pursuant to a judgment and sentence out of the 272nd Judicial District Court of Brazos County, Texas. Petitioner was found guilty of injury to a child by unreasonable touching, and, on November 7, 2006, he was sentenced to ten years of incarceration. Further elaboration of the

specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary as petitioner challenges only the result of a prison disciplinary adjudication in this proceeding. According to the Texas Department of Criminal Justice website detailing petitioner's information, petitioner is apparently not precluded from being released to mandatory supervision.

## II.
## PETITIONER'S CLAIMS

Petitioner appears to assert four points of error:

1. A prison guard unreasonably used physical brutality against petitioner.

2. The excessive use of force by a prison guard violated petitioner's rights against cruel and unusual punishment.

3. The prison guard did not properly report his use of physical brutality to his superior, the captain.

4. After the captain discovered the petitioner's injuries and sent petitioner for medical treatment, the prison guard who had used an excessive amount of force against petitioner retaliated by bringing a disciplinary case against petitioner.

## III.
## DETERMINATION OF PETITIONER'S HABEAS CLAIMS

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499.

In the case at bar, while it is difficult to ascertain the exact nature of petitioner's claims,

petitioner appears to be challenging a fact of his confinement—his physical treatment—and not the fact or length of his custody. The documents submitted to this Court by petitioner contain global challenges to the possible unreasonable use of force against him by a prison guard. Petitioner does not appear to assert that the actual disciplinary hearing itself and its results were unconstitutional.

Even if this Court were to generously construe petitioner's petition as complaining about the disciplinary hearing and not about the unreasonable use of force, however, petitioner's claims would nevertheless fail. Because petitioner is eligible for release on mandatory supervision, he may invoke the protection of the Due Process Clause as to the 180 days of lost good time credits. In such instances, the Constitution requires the prisoner be provided the following with respect to disciplinary hearings: (1) at least twenty-four hours' advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when the presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

While the petitioner in this case claims the charges forming the basis for the disciplinary hearing were "bogus" and brought in retaliation by a vengeful prison guard, petitioner never claims any of the *Wolff* constitutional requirements were not met. Consequently, he has not stated any grounds upon which habeas relief may be granted.[1] *See id.* For this reason, petitioner's habeas corpus petition should be dismissed.

---

[1] Petitioner does, however, appear to be asserting grounds for a section 1983 claim for violation of civil rights. Petitioner currently has pending before this Court a civil rights case arising from the same incident.

# IV.
# RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner STEVE GREEN should be, in all things, DISMISSED.

# V.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of December 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as
authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this

report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).